## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                   : CHAPTER 13
NICOLE E. JANOUSEK       : CASE NO.: <u>1:17-bk-02516-HWV</u>
                                     :

### DEBTOR'S SECOND MOTION TO AUTHORIZE WAGE ATTACHMENT

**AND NOW COMES**, Debtor, Nicole E. Janousek, by and through her attorneys, Jacobson & Julius and hereby files this Second Motion to Authorize Wage Attachment and in support thereof states as follows:

1. Debtor filed a Chapter 13 Petition on or about June 14 2017.

2. Debtor receives regular income from employment at Pennsylvania Turnpike Commission that may be attached under 11 U.S.C § 1326 to fund Debtor's Chapter 13 Plan.

3. The likelihood of success in this case will be much greater if Debtor's income is attached to fund the plan.

4. This motion is filed to correct an error in the prior motion. Debtor is paid bi-weekly and not weekly.

**WHEREFORE**, Debtor respectfully requests that this Court enter an order directing the above-mentioned employer to pay the Chapter 13 Trustee in the amount set forth in the attached *Order*.

Respectfully Submitted,

JACOBSON & JULIUS

Dated: October 9, 2017           <u>s/Chad J. Julius</u>
                                   ID# 209496
                                   8150 Derry Street
                                   Harrisburg, PA 17111.5260
                                   717.909.5858
                                   717.909.7788 [fax]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:                                   : CHAPTER 13
NICOLE E. JANOUSEK                        : CASE NO.: <u>1:17-bk-02516-HWV</u>
                                          :

### DEBTOR'S CONSENT TO
### VOLUNTARY WAGE ATTACHMENT

     I, Nicole E. Janousek, do hereby consent to an attachment of my wages for the purpose of funding my Chapter 13 Plan.


Date: October 9, 2017                                   <u>s/Nicole E. Janousek</u>

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE: : CHAPTER 13
NICOLE E. JANOUSEK : CASE NO.: <u>1:17-bk-02516-HWV</u>
:

### PROOF OF SERVICE

**AND NOW**, this 9th day of October, 2017, I, Tiffany Ramsey, with Jacobson & Julius, attorneys for the Debtor, hereby certify that on this day I served the within *Motion to Authorize Wage Attachment* upon the following persons by forwarding the same via CM/ECF or first-class mail–

Charles J. DeHart, III, Esq.                      Office of U.S. Trustee
8125 Adams Drive                                     POB 969
Hummelstown, PA  17036                        Harrisburg, PA 17108.0969

Pennsylvania Turnpike Commission
Attn:  Max Oswald - Manager of Payroll
700 S. Eisenhower Blvd.
Middletown, PA  17057


                                        By:    <u>s/Tiffany Ramsey</u>
                                                   Tiffany Ramsey, Paralegal

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : **CHAPTER 13**
NICOLE E. JANOUSEK : CASE NO.: <u>1:17-bk-02516-HWV</u>
:

<u>ORDER</u>

UPON CONSIDERATION of the above-referenced Debtor having filed a *Petition* under Chapter 13 of the Bankruptcy Code and having submitted all future income to the jurisdiction of this Court in accordance with statute,

IT IS HEREBY ORDERED that until further *Order* of this Court, the entity from whom Debtor receives income:

Pennsylvania Turnpike Commission
Attn: Max Oswald - Manager of Payroll
700 S. Eisenhower Blvd.
Middletown, PA 17057

should deduct from said Debtor's income the sum of **$98.00 from each biweekly paycheck**, beginning on the next pay day following receipt of this *Order* and deduct a similar amount each pay period thereafter, including any period from which Debtor receives a periodic or lump sum payment as a result of vacation, termination, or any benefits payable to the above Debtor and to remit the deductible sums to:

Charles J. DeHart, III
Standing Chapter 13 Trustee
POB 7005
Lancaster, PA 17604

IT IS FURTHER ORDERED that the entity from whom Debtor receives income shall notify the above listed Trustee if Debtor's income is terminated and the reason therefore.

IT IS FURTHER ORDERED that all remaining income of Debtor, except the amounts required to be withheld for taxes, social security, insurance, pension, or union dues be paid to Debtor in accordance with usual payment procedure.

IT IS FURTHER ORDERED that the entity from whom Debtor receives income will place the Bankruptcy Case Number [**1:17-bk-02516-HWV**]and the name of Debtor on all checks being forwarded to the above listed Trustee to ensure proper accounting of the funds.